## Mount Lebanon Township Appeal.

Argued May 29, 1952.  Before DREW, C. J., STERN, STEARNE, JONES, BELL and CHIDSEY, JJ.

*Samuel A. Schreiner*, Township Solicitor, for appellant.

*John B. Nicklas, Jr.*, with him *E. B. Wolfe, Willard F. Agnew* and *McCrady & Nicklas*, for appellee.

OPINION BY MR. JUSTICE CHIDSEY, June 24, 1952:

This is a zoning case.  It involves neither a variance nor an exception but merely the interpretation of a zoning ordinance.  The appeal is by the Township of Mt. Lebanon from a final order of the Court of Common Pleas of Allegheny County.  This final order by the court *en banc* reversed the order of the trial judge,

allowed an appeal from the zoning board of adjustment and directed that a zoning permit be issued to the appellee.

The application of the A. N. "AB" Young Company (hereinafter called Young Company) made on February 13, 1950, requested that a permit be issued to it for a one-story office and storeroom building, to be erected as an addition to its existing office building, on two lots known as lots numbers 10 and 11.[1] On May 24, 1926 the zoning ordinance in question was enacted by the appellant township. This ordinance in the section which is the center of this controversy provided as follows: "Section 11. Industrial and Manufacturing District. (District U-4). This district shall include only the property now owned by the South Hills Ice Company and the Duquesne Light Company fronting on Cochran Road and Carnegie Avenue and such extensions of said industries as may be made adjacent to and contiguous to said existing buildings. In this district the land may be used and buildings may be erected, altered or used for purposes or kindred purposes only as those for which it is used at the time of the passage of this ordinance, and for the uses permitted in Districts U-1, U-2, and U-3."

It is undisputed that the Duquesne Light Company was the record owner of lots 13 and 14 previous to the enactment of the zoning ordinance. The testimony also shows that a representative of the Duquesne Light Company, George Schlarb, purchased the adjacent and adjoining lots 10, 11 and 12 by an agreement of sale reduced to writing and dated June 1, 1926; that such purchase was for the Duquesne Light Company and his deed to the Duquesne Light Company was dated June

---

[1] These lot numbers are according to a plan known as the W. I. Craig Plan of Lots. The existing office building was erected on lot 10 in 1939.

10, 1926 and recorded August 5, 1926. However, the record also indicates that the Duquesne Light Company by check dated May 15, 1926 (i.e. prior to the enactment of the zoning ordinance) paid $500 down money for the purchase of lots 10, 11 and 12. The appellee Young Company is the present owner of lots 10 and 11. Title to lot 10 was acquired by it by a deed from Duquesne Light Company dated May 3, 1939. Title to lot 11 was acquired by a deed from Mt. Lebanon Lumber Company in 1950 which acquired title to said lot from the Duquesne Light Company in 1948.

The record reveals that the property in question falls within a section which is primarily an industrial area. To the north of the property is a Gulf gas station and to the west is the Duquesne Light Company sub-station. In the same area there is a large ice house or plant of the South Hills Ice Company and the existing office building of appellee, the proposed addition to which is the cause of the dispute. The objectors to the grant of the permit live in the area across the street from the proposed building.

As stated, the problem here involved is an interpretation of the zoning ordinance. It is our opinion that a fair reading of the ordinance together with a consideration of the surrounding circumstances shows that lots 10 and 11 were intended to be included within the industrial area described by the ordinance.

The general plan of the ordinance was to divide the township into districts known as U-1 (single family dwellings), U-2 (multiple dwellings), U-3 (commercial) and U-4 (manufacturing or industrial). The ordinance accomplished this by providing that U-1 should include the entire township. U-2, U-3 and U-4 districts were then carved out. The above quoted provision was the only reference to a U-4 district. If, therefore, appellant's contention were upheld, the area in question

which is in close proximity to a gas station, an ice plant and a power sub-station would be U-1 and could only be used for single family dwellings.

At the time of the passage of the zoning ordinance the Duquesne Light Company not only owned lots 13 and 14 but had erected thereon its sub-station. It is to be noted that the section of the ordinance in question provides that the area included is not only property "now owned" by the Duquesne Light Company but also "and such extensions of said industries as may be made adjacent to and contiguous to said existing buildings." The evident purpose of this provision in the ordinance was to zone lots 10, 11 and 12 which were either already bought by the Duquesne Light Company (since the down money had been paid) or were in the process of being bought so that they could be used for expansion of the industrial area.

Some argument is made by the appellant that the privilege of extension was only granted to the two named property owners. The answer to this is two-fold. First, the ordinance was describing the U-4 district and zoning the entire township, not the individual owners. Second, the ordinance further provides, "In this district the land may be used and buildings may be erected, . . . *for the uses permitted in Districts U-1, U-2 and U-3.*" (Emphasis supplied). This language clearly indicates an intent on the part of the draftsmen of the ordinance to allow persons who might buy the property from the Duquesne Light Company the right to use the property for commercial purposes (U-3) which is the class into which the proposed use in this instance falls.

Under the view we take of this case, it is not necessary to discuss the argument of appellee that the zoning board of adjustment is bound by a decision by it in 1939 which permitted the erection of appellee's original

office building and interpreted the ordinance as we do, or the opposing argument of the appellant that it was entitled, as the trial judge permitted it to do, to have such decision explained by a member of the board.

Order affirmed. Costs to be paid by appellant.